993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Van YOUNG, Defendant-Appellant.
 No. 91-50197.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1993.
Decided May 7, 1993.
 
 1
 Before D.W. NELSON, WIGGINS and LEAVY Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Jeffrey Young was convicted of one count of conspiring to manufacture and distribute cocaine in violation of 21 U.S.C. § 846, and thirteen counts of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He appeals his conviction for conspiracy. We affirm in part and remand in part.
 
 FACTS
 
 4
 In November 1988, FBI agent Snow, with the help of an informant, began an undercover drug investigation of several individuals who were involved in a suspected drug conspiracy to distribute cocaine in association with MCC, a carpet cleaning business in Gardena, California. At some point, a second informant who was an active member of the MCC conspiracy joined the investigation ("Garrett").
 
 
 5
 Garrett provided the FBI agents with information concerning the distribution activities of the conspiracy but could not provide much information on the supplier to Rick Cunningham--one of the major figures in this distribution scheme. The FBI agents decided it was necessary to tap the MCC phone and obtained a wiretap warrant.
 
 
 6
 On September 29, 1989, FBI agents and Los Angeles Sheriffs Department deputies executed search warrants at several homes. Charges were brought against Young as well as ten other defendants. Prior to trial, Young joined in Cunningham's motion to suppress wiretap evidence, which was denied. Young was convicted by a jury of one count of conspiracy to distribute cocaine and thirteen counts of possession with intent to distribute. This timely appeal followed.
 
 I. Evidence From the Wiretap
 
 7
 Young argues that the district court erred in not suppressing the evidence gathered from the wiretap. A district court's judgment that an officer did not intentionally or recklessly omit information from a wiretap affidavit is reviewed for clear error. United States v. Tham, 960 F.2d 1391, 1395 (9th Cir.1991). The district court's judgment that the omitted information was not material to the question of the necessity of the wiretap is reviewed de novo. United States v. Ippolito, 774 F.2d 1482, 1484 (9th Cir.1985).
 
 
 8
 A federal wiretap may be authorized when the issuing judge determines, on the basis of a submitted affidavit, that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or [appear] to be too dangerous." 18 U.S.C. § 2518(3)(c). In other words, the wiretap must be necessary to the success of the investigation. The question of whether an affidavit has demonstrated that the wiretap is necessary is to be answered in a "practical and common sense fashion." United States v. Brown, 761 F.2d 1272, 1275 (9th Cir.1979), cert. denied, 445 U.S. 934 (1980).
 
 
 9
 Young argues that the government wrongfully down-played Garrett's role in the investigation by failing to detail all the information Garrett had provided to the government. There is no doubt that the government omitted some facts from the affidavit, but none were material to the question of whether the wiretap was necessary.[1] For example, it was not relevant to the necessity inquiry that two members of the conspiracy had contacted each other, since Garrett could provide no information about the purpose of this contact. In addition, revelation of some of the omitted facts would have betrayed Garrett's identity, since he was the only one in possession of the omitted information. While this information had some relevance, it was not material. For example, the government omitted the fact that Garrett had informed the undercover agents that Rick Cunningham had bailed a member of the conspiracy out of jail with MCC money. The agents, however, did not know if the bail money was drug proceeds or legitimate funds from the cleaning business at MCC.
 
 
 10
 Young also argues that if the judge reviewing the affidavit had been aware of the fact that Garrett was a member of the MCC organization, the wiretap would not have been found to be necessary. This argument lacks merit. The affidavit stated that while Garrett had been helpful in providing information on the upper-level distributors in the conspiracy, he did not know the suppliers for these distributors. At most, he knew the first name of one supplier at the top of the pyramid. Regardless of his status in the organization, the aid he could offer the investigation was limited. When normal investigative procedures can lead to the successful development of evidence against some, but not all, members of a narcotics conspiracy, necessity for a wiretap will still exist. United States v. Torres, 908 F.2d 1417, 1422 (9th Cir.1990). Moreover, the affidavit stated that Garrett refused to be identified or to testify because he feared for his life. Thus, the evidentiary help that Garrett could provide at a trial was non-existent and the fact that he was a member of the conspiracy did not alter this. Therefore, we affirm the district court's denial of Young's motion to suppress.
 
 II. Sufficiency of Evidence
 
 11
 Next, Young argues that at most the government proved the existence of multiple conspiracies rather than a single conspiracy, and that consequently there was prejudicial variance between the indictment and the proof at trial. We review the evidence in the light most favorable to the government and decide whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 12
 This circuit uses a factor analysis to determine whether the evidence supported a finding of a single conspiracy. United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985); United States v. Zemek, 634 F.2d 1159, 1168 (9th Cir.1980), cert. denied, 450 U.S. 916 (1981). The relevant factors are: the nature of the scheme; the identity of the participants; the quality, frequency and duration of each conspirator's transactions; and the commonality of time and goals. Bibbero, 749 F.2d at 581. To prove an overall conspiracy, the evidence must show that all the defendants were involved. Id.
 
 
 13
 There was substantial evidence in this case from which a reasonable trier of fact could conclude that Young and his co-defendants engaged in a single conspiracy. First, focusing on the nature of the scheme, this was a well-structured business with a hierarchy of authority; Cunningham was at the apex. Some members distributed cocaine, others collected payment and took orders for cocaine over the MCC phone, some worked as couriers or look-outs, and some as brokers. All this business was centralized at MCC. Second, turning to the identity of the participants, all the defendants were involved with the operation at MCC. Third, focusing on the quality, frequency and duration of each conspirator's transactions, it is relevant that both the key participants and the method of operation remained constant. Id. at 587. Fourth, turning to the commonality of time and goals, it is relevant that Young and his co-defendants were interested in distributing as much cocaine as possible. Accordingly, all shared an interest in the success of this operation. See, e.g., United States v. Arbelaez, 719 F.2d 1453, 1458 (9th Cir.1983).
 
 
 14
 Once the existence of a single conspiracy is established, even a "slight connection" is sufficient to find that a defendant was part of the conspiracy. Bibbero, 749 F.2d at 587. "It is not necessary for the government to prove that the appellants knew the identity and role of each of the co-conspirators or the details of the operations or any particular plan." United States v. Hernandez, 608 F.2d 741, 748 n. 5 (9th Cir.1979). It is sufficient to show that each defendant knew or had reason to know of the scope of the conspiracy and that each defendant had reason to believe that his own benefit was dependent upon the success of the entire venture. Bibbero, 749 F.2d at 588. Young knew or had reason to know the scope of Cunningham's organization given that he worked at MCC. In addition, the transactions involved large sums of money and large quantities of cocaine, which also suggests that Cunningham ran a large and carefully structured organization. In addition, there was sufficient evidence to find that Young had reason to believe that his profit depended upon the success of the entire venture: to achieve his goal of selling and distributing large quantities of cocaine, Young had an interest in seeing the MCC venture succeed. Arbelaez, 719 F.2d at 1458.
 
 
 15
 Viewing the evidence in the light most favorable to the government, we find that there was sufficient evidence from which a reasonable trier of fact could have found the essential elements of a single conspiracy to which Young belonged beyond a reasonable doubt. Therefore, we affirm Young's conspiracy conviction.
 
 III. Amended Judgment and Commitment Order
 
 16
 Young points out, and the government concedes, that the judgment erroneously sentences him to a concurrent term of imprisonment on count 22 and a corresponding $50.00 special assessment, when, in fact, count 22 was redacted from the indictment before trial. Accordingly, pursuant to Fed.R.Crim.P. 36, we direct the district court to issue an amended Judgment deleting count 22 from the sentence. Young's special assessment is to be reduced to $650.00.
 
 
 17
 AFFIRMED IN PART, REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We take note that some of the allegedly omitted facts are in the affidavit